# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3702

_____

Julia Ann Briggs,

*Plaintiff - Appellant*,

v.

Wheeling Machine Product Co., also known as U. S. Steel,

*Defendant - Appellee*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: March 1, 2013
Filed: March 7, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Julia Briggs appeals the district court's[1] 28 U.S.C. § 1915(e)(2)(B) preservice dismissal of her complaint asserting a claim of disability discrimination under the

_____

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

Americans with Disabilities Act (ADA) against her former employer. Upon careful de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review), we agree with the district court that Briggs's disability-discrimination claim was barred. We first note that, according to Briggs's own assertions in her complaint, she failed to file a timely charge with the Equal Employment Opportunity Commission (EEOC). See 42 U.S.C. § 2000e-5(e)(1) (180-day administrative filing period under Title VII; 300-day filing period if person initially instituted state or local agency proceedings); 42 U.S.C. § 12117(a) (§ 2000e-5 applies to ADA); Nat'l R.R. Passenger Corp. V. Morgan, 536 U.S. 101, 110 (2002) (timely EEOC charge is mandatory). We further conclude that Briggs did not allege any facts indicating her untimely EEOC filing should be excused, even recognizing that she was pursuing unemployment benefits during the administrative filing period. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (filing timely charge of discrimination with EEOC is subject to waiver, estoppel, and equitable tolling); Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005) (equitable tolling is appropriate when plaintiff, despite all due diligence, is unable to obtain vital information bearing on existence of claim; EEOC filing period will not be modified on basis of equitable estoppel unless employee's failure to timely file is result of employer's affirmative action).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____